# CIRCUIT COURT OF THE CITY OF RICHMOND

John R. Powell

    v.

John Klein

October 26, 1998

Case No. LE-176-1

BY JUDGE MELVIN R. HUGHES, JR.

In this suit for personal injury, an issue of the application of the collateral source rule has been raised by the plaintiff in a Motion in Limine and Motion for Protective Order.

In the written motion, plaintiff seeks to have the court rule that "evidence of any collateral benefits to Plaintiff from health insurance (including Medicare) or other collateral benefits are irrelevant and inadmissible under the collateral source rule and other principles of Virginia law." Further, plaintiff seeks a protective order "precluding any discovery regarding alleged collateral benefits, including write-off ... of medical bills resulting from insurance (including Medicare)."

Since these motions were argued, Judge Markow of this court has held, relative to the same issues as here, that the plaintiff can prove as evidence only those medical charges for which payment has been received or which are still being claimed. *Hepper v. Mende*, Case No. LC-49, September 22, 1998. This judge agrees with this assessment.

Under the rule:

> compensation or indemnity received by a tort victim from a source collateral to the tortfeasor may not be applied as a credit against the quantum of damages the tortfeasor owes ... . In the early cases, the collateral compensation involved was money paid the plaintiff by his

own insurer. Later cases have applied the rule to social security benefits, public and private pension payments, unemployment and workers' compensation benefits, vacation and sick leave allowances, and other payments made by employers to injured employees, both contractual and gratuitous. *See generally* 22 Am. Jur. 2d, *Damages*, §§ 566-87 (1988).

*Shickling v. Aspinall*, 235 Va. 472, 474 (1988).

So, it can readily be seen that the rule has traditionally been applied to exclude evidence of collateral *payments* and not write-offs or reductions for medical charges. As I understand it, in the instances covered here, once the write-off applies, no further payment from plaintiff can be sought such that there is no further payment still remaining.

In a follow up letter after Judge Markow's ruling, plaintiff points to several areas not addressed in that ruling. Suffice it to say that I believe (contrary to other circuit courts' rulings to which this court takes respectful exception) that those areas are not implicated because the rule has never been applied by the Supreme Court to these relatively new insurance arrangements.

Defendant can have discovery and plaintiff's evidence should be confined to medical charges for which amounts were accepted as full payment.